Turley,- J.
delivered the opinion of the court.
This is an action of trover and conversion. Upon the trial in the court below, the plaintiff, to support his action, among other witnesses examined Samuel Smith: having closed his testimony in chief, .the defendant introduced and examined several witnesses as to the general character of Samuel Smith, who deposed that they would not give him credit on his oath. The plaintiff then introduced Andrew Kennedy, and proposed to examine him as to his knowledge of the facts deposed to by Samuel Smith, for the purpose of showing that they were true: this was objected to, and the objection was sustained by the court, upon the ground that the testimony thus offered was testimony in chief and therefore not properly receivable at that stage of the proceedings, from which judgment of the court this writ of error is prosecuted.
The first question for consideration is, whether the proof offered and rejected was testimony in chief? That it was is obvious; for although the bill of exceptions does not show what facts Samuel Smith deposed to, yet as be was examined at the *202 opening of the plaintiff’s ease, it is quite certain they must have been those upon which plaintiff’s right to recover for the conversion of the property sued for rested: then an attempt to prove the truth of these facts by another witness is additional proof upon them, and not rebutting testimony, introduced for the de-fence: it is then testimony in chief.
2. The testimony offered being in chief, did the court err in rejecting it?
For the purpose of facilitating and expediting business, rules of practice have, from time immemorial, been adopted in all courts of justice. These rules, though not so binding and obligatory as those establishing rights, are nevertheless not departed from except at the discretion of the court; which discretion should not be exercised inconsiderately and for trivial causes.
Among other rules adopted, is the one regulating the mode for the examination of witnesses; it is a very important one and of very great antiquity: without it, the confusion in the examination of cases before a jury would be intolerable and the prolixity of investigations interminable. It provides, that the plaintiff shall, in the opening of the case-, examine all his testimony which goes to establish his action; the defendant shall then introduce his proof upon his matters of defence and his testimony rebutting the proof adduced by the plaintiff; and then the plaintiff, any which may rebut that of the defendant, but no-' thing in chief, but by the permission of the court, which permission, as we have said, ought not to be extended except for good and sufficient reason shown, lest the good which results from the rule be destroyed, and the evil intended, to be obviated be visited upon the courts in its full force. The relaxing of the rule, then, is a matter of discretion with the court; and so difficult is it to reverse for the exercise of a discretion, that many courts have refused to do so; but in this State it has been held, that the wrong exercise of a legal discretion is matter of error; but then it must be gross and palpable, and not subject to hesitation or doubt. Such is not this case; there is no cause shown to malee it an exception from the application of the rule of practice we are commenting upon: on the contrary, if we were to reverse this case it would virtually destroy the rule of practice *203 which has been so long enforced and been productive of so much benefit, for there is nothing in this case to distinguish it from another in which the plaintiff may have neglected to introduce all his proof in chief, upon the opening of his case. To reverse in this case would be to reverse in every case when upon a similar application the Judge should think proper to enforce the rule, and of consequence leave him no discretion whatever upon the subject, but make it imperative upon him to receive the proof. This we cannot think of doing.
The judgment of the Circuit Court will therefore be affirmed.